FRANKLIN C. ADAMS, Bar No. 85351
franklin.adams@bbklaw.com
CATHY TA, Bar No. 261880
cathy.ta@bbklaw.com
BEST BEST & KRIEGER LLP
3750 University Avenue, Suite 400
P.O. Box 1028
Riverside, CA  92502
Telephone:  (951) 686-1450
Facsimile:   (951) 686-3083

Attorneys for Defendant
GRAHAM HELLEWELL

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ZANGLE INC.,<br><br>    Debtor.<br>_____<br><br>ZANGLE INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ZANGLE NATIONAL USERS' GROUP; JOHN GETCHELL; GRAHAM HELLEWELL; TROY LEACH; DOES 1-500,<br><br>    Defendants. | Case No.  2:11-bk-21515-RN<br><br>Chapter 11<br><br>Adv. No.  2:11-ap-01999-RN<br><br>**MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT** REGARDING COMPLAINT FOR ADVERSARY PROCEEDING IN BANKRUPTCY:<br><br>(I)   TURNOVER OF PROPERTY OF THE ESTATE;<br>(II)  COPYRIGHT INFRINGEMENT;<br>(III) CONTRIBUTORY COPYRIGHT INFRINGEMENT;<br>(IV) TRADEMARK INFRINGEMENT;<br>(V)  INJUNCTIVE RELIEF<br><br><u>Hearing:</u><br>Date:   July 7, 2011<br>Time:   9:00 a.m.<br>Place:  Courtroom #1645, Floor 16<br>          255 E. Temple Street<br>          Los Angeles, CA  90012 |

23359.00000\6045716.2

MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR MORE DEFINITE
STATEMENT REGARDING COMPLAINT FOR

Defendant GRAHAM HELLEWELL ("Defendant"), by and through his undersigned counsel, respectfully requests that the Court dismiss the Complaint for Adversary Proceeding in Bankruptcy of Plaintiff ZANGLE, INC. ("Zangle") for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, order Zangle to provide a more definite statement of the Complaint pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Rules 12(b)(6) and 12(e) both are made applicable in bankruptcy proceedings by Rule 7012 of the Federal Rules of Bankruptcy Procedure.

## I.
## SUMMARY

Defendant requests that the Court dismiss Zangle's Complaint, in its entirety, for failure to state any claims upon which relief may be granted. Zangle's claims against Defendant are pled without sufficient factual allegations to meet the *Twombly* plausibility pleading standard. As a result, dismissal under Rule 12(b)(6) is appropriate.

Furthermore, Zangle's third cause of action for common law copyright infringement no longer exists at law due to preemption by federal copyright law. Therefore, the third cause of action should be dismissed with prejudice.

Alternatively, at minimum, the Court should order Zangle to provide a more definite statement of the Complaint under Rule 12(e). Defendant cannot reasonably prepare a response because, for example, Defendant cannot tell whether the alleged infringing content arose from activities within the scope of his employment at San Diego Unified School District and therefore subject to the California Government Claims Act, and whether such activities are subject to discretionary immunity.

## II.
## JURISDICTION

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and (b)(1). This adversary proceeding involves a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E). Venue is proper pursuant to 28 U.S.C. § 1409(a).

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3750 UNIVERSITY AVENUE, SUITE 400
P.O. BOX 1028
RIVERSIDE, CA 92502

23359.00000\6045716.2    1    MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT REGARDING COMPLAINT FOR

# III.

## POINTS AND AUTHORITIES

**A. THE COMPLAINT FAILS TO STATE ANY CLAIMS UPON WHICH RELIEF MAY BE GRANTED**

### 1. The Complaint Fails The Post-*Twombly* Plausibility Pleading Standard And Should Be Dismissed In Its Entirety

a. Motion to Dismiss Analysis Pre-*Twombly*.

There has been a shift in pleading requirements since *Twombly*. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). Pre-*Twombly*, dismissal under Rule 12(b)(6) was proper where there was either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990). A motion to dismiss could challenge defects disclosed on the face of the complaint or which were apparent from matters subject to judicial notice. *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Combined with the proposition that motions to dismiss were "viewed with disfavor" and "rarely granted," plaintiffs – like Zangle in this case – would simply plead "canned" legal and factual conclusions without setting forth any specific factual allegations as to why they were entitled to relief. *See e.g.*, *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248-49 (9th Cir. 1997). Since *Twombly*, such pleadings are no longer sufficient to survive dismissal under Rule 12(b)(6).

b. Motion to Dismiss Analysis Post-*Twombly*

The Supreme Court explained the *Twombly* plausibility standard in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009):

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Iqbal*, 129 S. Ct. at 1949 (internal citations omitted). The Supreme Court continued:

> To survive a motion to dismiss, a complaint must contain sufficient

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3750 UNIVERSITY AVENUE, SUITE 400
P.O. BOX 1028
RIVERSIDE, CA 92502

23359.00000\6045716.2    - 2 -    MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT REGARDING COMPLAINT FOR

> factual matter, accepted as true, to "state a claim to relief that is
> plausible on its face." A claim has facial plausibility when the
> plaintiff pleads factual content that allows the court to draw the
> reasonable inference that the defendant is liable for the misconduct
> alleged. The plausibility standard is not akin to a "probability
> requirement," but it asks for more than a sheer possibility that a
> defendant has acted unlawfully. Where a complaint pleads facts
> that are "merely consistent with" a defendant's liability, it "stops
> short of the line between possibility and plausibility of "entitlement
> to relief."

*Id.*

In reviewing whether a complaint contains sufficient factual matter, the Supreme Court noted:

> [T]he tenet that a court must accept as true all of the allegations
> contained in a complaint is inapplicable to legal conclusions.
> Threadbare recitals of the elements of a cause of action, supported
> by mere conclusory statements, do not suffice.

*Id.*

    c.    <u>The Complaint Pleads Only Conclusory Allegations Insufficient To Survive Dismissal Under Rule 12(b)(6)</u>

In the Complaint, Zangle pleads only conclusory factual and legal allegations that are insufficient to state any plausible claims for relief. Specifically, the only "factual allegations" Zangle pleads to support its five (5) causes of action for: (1) turnover of property to the estate under 11 U.S.C. § 542; (2) copyright infringement under 17 U.S.C. §§ 501 et seq; (3) common law copyright infringement; (4) contributory copyright infringement; and (5) trademark infringement under 15 U.S.C. §§ 1114 et seq are the allegations in Paragraph 13 of the Complaint, which reads:

> On Monday, March 28, 2011, Plaintiff learned of infringing content
> on the website of defendant [Zangle National Users' Group
> (ZNUG)], and also learned of prospective infringement of
> Plaintiff's intellectual property from the brochure on said website
> that described topics to be presented at an upcoming convention.

Complaint at 3 ¶ 13. These allegations are "factual" to the extent that Zangle alleges there is content on the website of ZNUG, including a brochure, that constitutes "infringing content," a legal conclusion. Otherwise, there are no other factual allegations to be found in the Complaint to support Zangle's five (5) causes of action. The remainder of Zangle's allegations are all

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3750 UNIVERSITY AVENUE, SUITE 400
P.O. BOX 1028
RIVERSIDE, CA 92502

23359.00000\6045716.2      - 3 -      MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT REGARDING COMPLAINT FOR

conclusory factual and legal allegations that are "merely consistent with" a statement of Defendant's liability. *Id.* at 3 ¶ 13 – 6 ¶ 26.

For example, for its turnover of property to the estate claim, Zangle alleges that the property to be turned-over are trademarks, copyrights, trade secrets, and profits unlawfully obtained therefrom. *Id.* at 3 ¶ 2 – 4 ¶ 6. However, the purported trade secrets are not identified by any factual allegations whatsoever. *Id.* This is also true of the third cause of action for common law copyright infringement, which alleges misappropriation of trade secrets. Yet, there are no factual allegations that any information was actually a protected trade secret and no factual allegations that the information was wrongfully taken. All that is alleged is that there are "trade secrets." *Id.* at 5 ¶¶ 16-18.

Zangle's allegations are the type of allegations that are "labels and conclusions" and "formulaic recitation(s) of the elements of [its] cause[s] of action" that are insufficient under *Twombly*. *Twombly*, 550 U.S. at 555. Though Zangle's Complaint "does not need detailed factual allegations," it must at least "raise a right of relief above the speculative level." *Id.* In other words, Zangle's allegations are the "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that do not meet the plausibility pleading standard required by *Twombly*. *Iqbal*, 129 S. Ct. at 1949. As such, dismissal of the Complaint is appropriate.

**2. The Third Cause of Action Fails To State A Claim For Common Law Copyright Infringement Recognized By Law**

In the event the Complaint is not dismissed in its entirety, the Court should dismiss Zangle's third cause of action for common law copyright infringement.

The Copyright Act of 1976 preempts common law copyright claims, unless the claims arose from "undertakings commenced before January 1, 1978." 17 U.S.C. § 301(b). *See also Mention v. Gessell*, 714 F.2d 87, 90 (9th Cir. 1983).

There are no factual allegations supporting a common law copyright infringement claim. Instead, whatever factual allegations there are suggests that any claim arose no earlier than *after* January 1, 1978. Complaint at 3 ¶ 13 (alleging that Zangle learned of "infringing content" on March 28, 2011). Therefore, no factual basis for the third cause of action for common law

23359.00000\6045716.2 - 4 - MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT REGARDING COMPLAINT FOR

copyright infringement exists. Moreover, because common law copyright infringement no longer exists as a claim at law due to preemption by federal copyright law, the third cause of action for common law copyright infringement should be dismissed with prejudice.

**B.      IN THE ALTERNATIVE, THE COURT SHOULD ORDER ZANGLE TO PROVIDE A MORE DEFINITE STATEMENT OF THE COMPLAINT UNDER RULE 12(E)**

As discussed above, Zangle's Complaint does not "raise a right of relief above the speculative level." *Twombly*, 550 U.S. at 555.

An evaluation of whether Zangle has " raise[d] a right of relief above the speculative level" cannot be accomplished without more factual information, such as the actual content on ZNUG's website that Zangle alleges as infringing, the identity of the purported trade secrets that were misappropriated, and the factual circumstances surrounding the wrongful taking of such trade secrets. Therefore, at minimum, the Court should order Zangle to provide a more definite statement of the Complaint pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 12(e).

Particularly, the Court should order Zangle to include: (1) factual allegations describing the content on ZNUG's website Zangle alleges as "infringing content;" (2) factual allegations describing the content of the brochure on ZNUG's website Zangle alleges as "prospective infringement;" (3) factual allegations describing the identity of purported trade secrets Zangle alleges were misappropriated; and (4) factual allegations describing the misappropriation such purported trade secrets.

Additionally, because the Complaint is so vague and ambiguous as to the actual content on ZNUG's website from which Zangle's five (5) causes of action derive, Defendant cannot reasonably prepare a response. Specifically, Defendant cannot tell whether the complained-of content on ZNUG's website arises from activities within the scope of his employment at San Diego Unified School District, and therefore subject to the California Government Claims Act, and whether such activities are subject to discretionary immunity.

On these bases, Defendant requests that in the alternative, the Court order Zangle to provide a more definite statement of the Complaint pursuant to Rule 12(e).

23359.00000\6045716.2                                      - 5 -                       MOTION TO DISMISS OR, IN THE
                                                                                       ALTERNATIVE, FOR MORE DEFINITE
                                                                                       STATEMENT REGARDING COMPLAINT FOR

## IV.

## CONCLUSION

Based on the foregoing, Defendant prays that Zangle's Complaint be dismissed for failure to state any claims upon which relief may be granted, Zangle's third cause of action for common law copyright infringement be dismissed for failure to state a claim upon which relief may be granted, and/or in the alternative, Zangle be ordered to provide a more definite statement of the Complaint, and for such other and further relief the Court deems just and proper.

Dated: June 6, 2011                                BEST BEST & KRIEGER LLP


By: /s/ Cathy Ta
    FRANKLIN C. ADAMS
    CATHY TA
    Attorneys for Defendant
    GRAHAM HELLEWELL

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3750 UNIVERSITY AVENUE, SUITE 400
P.O. BOX 1028
RIVERSIDE, CA 92502

23359.00000\6045716.2                - 6 -              MOTION TO DISMISS OR, IN THE
                                                        ALTERNATIVE, FOR MORE DEFINITE
                                                        STATEMENT REGARDING COMPLAINT FOR

| In re: | CHAPTER: 7 |
|---|---|
| ZANGLE INC., | |
| Debtor(s). | CASE NUMBER: 2:11-ap-01999-RN |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
3750 UNIVERSITY AVENUE, 4TH FLOOR, RIVERSIDE, CALIFORNIA 92502

A true and correct copy of the foregoing document described as MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT REGARDING COMPLAINT FOR ADVERSARY PROCEEDING IN BANKRUPTCY:
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 6, 2011 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

- Jeffrey B Neustadt    jbneustadtlaw@sbcglobal.net
- Steven G Polard    spolard@perkinscoie.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On December 16, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on December 16, 2010 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 6, 2011 | Arthur E. Johnston | /s/ Arthur E. Johnston |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
09953.00000\6047722.1

**F 9013-3.1**