Alan D. Smith, CSBA 89112
ADSmith@perkinscoie.com
Steven G. Polard, CSBA 90319
SPolard@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Attorneys for Defendants
ZANGLE NATIONAL USERS' GROUP
and JOHN GETCHELL

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ZANGLE INC.,<br><br>    Debtor. | CASE NO. 11-21515-RN<br><br>Chapter: 11<br><br>Adversary Pro. No.: 11-01999-RN |
| ZANGLE INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ZANGLE NATIONAL USERS' GROUP; JOHN GETCHELL; GRAHAM HELLEWELL; TROY LEACH; DOES 1-500,<br><br>    Defendants. | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS; OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT; OR IN THE ALTERNATIVE TO STAY ACTION<br><br>Date:    August 18, 2011<br><br>Time:    2:00 p.m.<br><br>Courtroom:    1645 [Hon. Richard J. Neiter]<br>    255 E. Temple Street<br>    Los Angeles, CA 90012 |

    Defendants Zangle National Users' Group ("*ZNUG*") and John Getchell ("*Getchell*" and, with ZNUG, "*Moving Defendants*") hereby submit these points and authorities in support of their motion (the "*Motion*") for an order dismissing this action, or in the alternative requiring a more

definite statement, or in the alternative staying the action pending determinations made in other fora.

Plaintiff Zangle Inc. ("*Zangle*" or "*Debtor*") is the debtor and debtor in possession in this Chapter 11 case. Zangle filed its voluntary Chapter 11 petition on March 17, 2011. On April 7, 2011, Zangle commenced this action against ZNUG and its three officers, one of whom, John Getchell, is the other Moving Defendant. The action requests damages and injunctive relief for alleged trademark infringement and copyright infringement of Debtor's rights in the Zangle software program, Zangle trademark, and related intellectual property.

The Motion is brought pursuant to Rule 12 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7012, and pursuant to Section 105 of the Bankruptcy Code, on four separate and independent grounds. First, this Court lacks jurisdiction to determine the issues raised by the Complaint. Second, the Complaint does not state a cause of action beyond the now-impermissible "I've been harmed" variety that no longer suffices in federal court. Third, the Complaint does not contain sufficient information from which the Moving Defendants can determine how to respond to the Complaint. Fourth, even if the Court has jurisdiction and the Complaint survives the other challenges, under the circumstances it is in the interests of justice that this case be stayed pending resolution in other fora of the issues relating to ownership of the Zangle software.

## I.   THE COURT LACKS JURISDICTION OVER THE CAUSES OF ACTION SET FORTH IN THE COMPLAINT

Paragraph 2 of the Complaint alleges that this is a core proceeding because it contains a barebones "turnover" cause of action. That allegation is a conclusory statement of law that is simply not accurate.

The other allegations in the Complaint are specious, but to the extent they say anything they add up only to a garden variety copyright and trademark infringement case. Moving Defendants do not have to rely on the recent *Stern v. Marshall* case, ___ U.S. ___ (2011); the law

has been clear for almost thirty years that cases such as this one cannot be brought to judgment in the first instance in Bankruptcy Court.

In *Northern Pipeline Construction Co. v. Marathon Pipe Line Company*, 458 U.S. 50 (1982), the Supreme Court held that a complaint by a bankruptcy debtor against a nondebtor alleging breach of contract and warranty, misrepresentation, coercion and duress could not constitutionally be determined by the Bankruptcy Courts. *Marathon* is almost directly on point; the only distinction from this case is that this case includes federal claims such as copyright infringement as well. But subsequent cases have closed any of those arguable gaps; for example, in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989), a fraudulent transfer action defendant was found entitled to a jury trial. "There can be little doubt that fraudulent conveyance actions by bankruptcy trustees . . . are quintessentially suits at common-law that more nearly resemble state-law contract claims brought by a bankrupt corporation to augment the bankruptcy estate than they do creditors' hierarchically ordered claims to a pro rata share of the bankruptcy res." Id. at 56. This case does not even involve a fraudulent transfer action, which at least is a creature of the Bankruptcy Code – it is a copyright action. And in *Stern v. Marshall*, of course, the Supreme Court found that a counterclaim brought against a creditor who filed a proof of claim in the estate could not constitutionally be heard in Bankruptcy Court.

Moving Defendants have not consented to the jurisdiction of this Court, and have not waived their right to a jury trial. Further, Moving Defendants have not waived their right to request withdrawal of the reference, because this action requires consideration of both title 11 and other laws of the United States regulating activities affecting interstate commerce – namely, the copyright and trademark laws.

It can be debated whether the Supreme Court's hostility to Bankruptcy Court jurisdiction is good policy or good constitutional scholarship. But there is little doubt that under the current Supreme Court jurisprudence, this action is not a core proceeding. It should be dismissed.

1  **II.    UNDER APPLICABLE PLEADING STANDARDS, THE COMPLAINT FAILS TO**
2  **STATE A CLAIM**

3  Two recent Supreme Court decisions have significantly changed the landscape on
4  pleading in federal courts. In *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009) and *Bell*
5  *Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Court made it clear that the old "any set of
6  facts that might conceivably lead to liability" standard is dead.  Instead, the complaint must state
7  facts which if true state a claim which is plausible on its face.

8  This Complaint does not meet that standard.  Rather than submit duplicative pleadings,
9  Moving Defendants adopt by reference the arguments to that effect set forth in the Motion to
10  Dismiss, or in the Alternative, for More Definite Statement, filed by defendant Graham Hellewell,
11  filed herein June 6, 2011 as Dkt. No. 16 (the "***Hellewell Motion***").[1]

12

13  **III.    THE COMPLAINT DOES NOT CONTAIN ALLEGATIONS SUFFICIENT TO**
14  **ALLOW A RESPONSE**

15  Moving Defendants contend the Complaint does not contain sufficient detail to allow
16  them to plead intelligently in response to the Complaint.  Moving Defendants adopt the
17  arguments to such effect in the Hellewell Motion.

18  Moving Defendants particularly note the problem with such pleading as it relates to John
19  Getchell as an individual defendant.  Mr. Getchell is an employee of the Bellingham School
20  District.  As is obvious from many of the motions to dismiss filed by school districts in the other
21  adversary proceedings,[2] there are significant governmental immunities at stake – but one cannot
22  even tell what activities Mr. Getchell supposedly took, much less which of those allegedly
23  wrongful activities were supposedly within the scope of his duties on behalf of Bellingham,
24  outside the scope, or something else.

---

[1] Moving Defendants also adopt by reference the argument respecting the failure of the common law copyright infringement claim as set forth in the Hellewell Motion.

[2] Bellingham appears to be one of the few Zangle customers who were NOT sued in an adversary proceeding in this Court.  Mr. Hellewell's employer, San Diego USD, is not so lucky.  Moving Defendants request the Court to take judicial notice of the other adversary actions filed in this case, including the motions to dismiss filed by the various school districts.

Plaintiff should be ordered to file a more definite statement to enable Moving Defendants to articulate intelligent responses to the Complaint.

## IV. THE COURT SHOULD STAY THIS PROCEEDING PENDING CLARIFICATION OF THE OWNERSHIP OF THE ZANGLE SOFTWARE

This Court already has considerable background from prior proceedings in the case.[3] Therefore, Moving Defendants will only briefly summarize the key points.

Within a few days of filing its petition, in addition to filing this action, Debtor also commenced numerous lawsuits against school districts alleging copyright infringement and other wrongs. See Zangle Dkt. Nos. 16, 24-34. Further, Debtor commenced an action against E. Lynne Schoenmann (the "***Charlton Trustee***"), Chapter 7 Trustee of the estate of James Paulett Charlton [Dkt. No. 36 in the Zangle case, Adv. No. 2:11 – ap-02136] (the "***Zangle v. Schoenmann Adversary***"), and an action against Gary Loyd ("**Loyd**"), apparently a former owner of the Zangle software [Dkt. No. 44 in the Zangle case, Adv. No. 2:11 – ap-02155] (the "***Zangle v. Loyd Adversary***"). The Zangle v. Schoenmann Adversary and the Zangle v. Loyd Adversary squarely raise the issue of ownership of the Zangle software and related rights.

The Charlton bankruptcy case is pending in the Northern District of California before Judge Carlson as Case No. 04-32400 TEC-7 (the "***Charlton Bankruptcy Case***"). Mr. Charlton is the main principal of Zangle, the Chairman of the Board, sole Director, and apparently owns directly or indirectly all or virtually all of the equity both in Zangle and in Vermont Equity Partners, the entity that purportedly granted Zangle its rights in the Zangle software. Many of the issues relating to ownership of the underlying intellectual property rights have already been raised before this Court, but as a result of Debtor's last second (at the conclusion of oral argument) withdrawal of opposition to the Charlton Trustee's Motion for Relief from Stay [Dkt. No. 20], this Court has not had to rule on the issue. However, Debtor's counsel appeared to concede at

---

[3] Moving Defendants request that the Court take judicial notice of all such prior proceedings in the Zangle bankruptcy case, including without limitation the evidence and pleadings supplied to the Court in connection with the Charlton Trustee's Motion for Relief from Stay [Dkt. No. 20]. Related pleadings are Dkt. Nos. 37-43; 48-56; 58-59; and 61-62.

that same oral argument that the adversary proceeding against the Charlton Trustee was commenced in the wrong court and that it would have to be litigated in the Northern District; indeed, Debtor has since dismissed the Zangle v. Schoenmann Adversary. Further, as a result of that ultimately consensual relief from stay, it is obvious that if Zangle desires to obtain any relief respecting its interests vis a vis the Charlton Trustee it must seek that relief from the Northern District. As has been disclosed to this Court in other pleadings, Judge Carlson has granted the Charlton Trustee's motion for approval of sale procedures and a foreclosure sale is scheduled for Friday, July 22.

Meanwhile, the Zangle v. Loyd Adversary remains pending in this Court, though Loyd has filed a motion to dismiss on the ground that Zangle has no ownership rights in the software and related intellectual property on which it is suing. While the Zangle v. Loyd dispute is in some ways related to the Zangle v. Schoenmann dispute, it appears there may be two separate sets of facts in issue in those proceedings.

Moving Defendants will if necessary conduct the litigation over ownership of the Zangle software and other intellectual property, but it makes no sense to require them to do so. Instead, this adversary proceeding – and all the other adversary proceedings against school districts – should be stayed pending clarification from Judge Carlson in the Northern District, this Court in the Zangle v. Loyd Adversary, and/or some other appropriate court, over ownership rights in the Zangle software. Ownership of those rights is a precondition to all of the relief requested in this case. It will be litigated elsewhere between the parties most concerned; it should not be litigated over and over again in the countless adversary proceedings that apparently constitute the Debtor's business plan.

**A.    This Court has the Power to Stay this Adversary Proceeding in the Interests of Justice**

Section 105(a) of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or

1
2
    appropriate to enforce or implement court orders or rules, or to
    prevent an abuse of process.

3
  Section 105 provides the jurisdictional basis for a bankruptcy court to stay proceedings in

4
other courts.  See, e.g., *In re Lomas Fin. Corp.*, 117 B.R. 64, 66 (S.D.N.Y. 1990) (enjoining

5
action against officers of debtor accused of fraud of creditor).  The Court obviously has the

6
authority to stay proceedings in <u>its own</u> court.  As *Collier's* puts it:

7
    **Orders Regarding Case Management**.  A bankruptcy court hears
    proceedings, matters and motions.  Like any other court, it must
8
    have the power to regulate those who appear before it, and what
    they say and do during that representation.  Section 105, especially
9
    its second sentence, is often used as the jurisdictional basis for such
    regulation.

10
2 *Collier on Bankruptcy*, 16th ed., ¶ 105.02[6] at 105-32 (citations omitted).

11
  **B.**  **The Interests of Justice and Judicial Economy Require a Stay Pending**

12
    **Resolution of the Ownership Issues**

13
  This adversary proceeding is one of at least fourteen pending in this Court in which the

14
Debtor's demonstration of its ownership of the Zangle software and related intellectual property

15
is absolutely essential to the Debtor's ability to prevail in the actions.  The Debtor has already

16
conceded that it will have to litigate the ownership issue with the Charlton Trustee before Judge

17
Carlson in the Northern District.  Even if the Debtor tries to litigate its ownership rights in some

18
forum other than Judge Carlson's court, it is a battle that should be fought in the first instance

19
between the parties with direct interests in it – not by school districts and related parties like

20
ZNUG (a user group whose members are associated with school districts) and the individual

21
defendants in this case (all of whom are employees of school districts).

22
  It makes no sense to force the defendants in this case and all the school districts to litigate

23
the issue separately.  This adversary proceeding, and all the others against school districts, should

24
be stayed pending the Debtor's demonstrating to Judge Carlson, this Court, and/or some other

25
appropriate court that it actually owns the rights upon which it is suing.

26
27
28

09721-0003/LEGAL21317971.1     -7-     MEMO IN SUPPORT OF MOTION
TO DISMISS OR STAY

### V. CONCLUSION

This Complaint fails on numerous grounds. It raises issues that cannot be determined by this Court; it does not state a claim under federal pleading standards; it is insufficiently detailed to allow the defendants to respond; and underlying all of its claims is the assumption that the Debtor owns intellectual property rights – despite Debtor's acknowledgement in numerous proceedings in numerous courts that those rights are bitterly contested by several other parties. The Complaint should be dismissed or stayed.

DATED: July 15, 2011                    **PERKINS COIE LLP**

By:   /s/ Steven G. Polard
     Alan D. Smith, CSBA 89112
     ADSmith@perkinscoie.com
     Steven G. Polard, CSBA 90319
     SPolard@perkinscoie.com

Attorneys for Defendants John Getchell and Zangle National Users' Group